U.S. Bank N.A. v Jones-Boakai
2026 NY Slip Op 03016
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., appellant,
v
Joyce Jones-Boakai, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-04475, (Index No. 501669/16)
Francesca E. Connolly, J.P.
Cheryl E. Chambers
Helen Voutsinas
Elena Goldberg Velazquez, JJ.

Goodwin Procter LLP, New York, NY (Allison J. Schoenthal and Richard A. Sillett of counsel), for appellant.
Brooklyn Legal Services, Brooklyn, NY (Jenny Eisenberg of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated January 2, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Joyce Jones-Boakai which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 23, 2006, the defendant Joyce Jones-Boakai (hereinafter the defendant) executed a note, which was secured by a mortgage on certain real property located in Brooklyn. In August 2009, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2009 action). In an order dated July 16, 2013, the Supreme Court, sua sponte, directed dismissal of the complaint in the 2009 action as abandoned pursuant to CPLR 3215(c) (see US Bank N.A. v Jones-Boakai, ___ AD3d ___ [Appellate Division Docket No. 2024-02939; decided herewith]).
In February 2016, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. In October 2023, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her as time-barred pursuant to the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8 [eff Dec. 30, 2022]). The plaintiff opposed the motion, contending, among other things, that a letter it allegedly sent in July 2015 de-accelerated the mortgage debt and reset the statute of limitations. The plaintiff further contended that FAPA should not be applied retroactively and that the retroactive application of FAPA would violate the Due Process Clauses of the United States and New York State Constitutions, as well as the Contracts and Takings Clauses of the United States Constitution.
In an order dated January 2, 2024, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (US Bank N.A. v Levy, 239 AD3d 789, 790 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (US Bank N.A. v Levy, 239 AD3d at 790 [internal quotation marks omitted]).
Here, the mortgage debt was first accelerated, and the statute of limitations began to run, when the plaintiff commenced the 2009 action, in which it elected to call due the entire amount secured by the mortgage (see id.). As the plaintiff commenced this action more than six years after the initial acceleration of the mortgage debt, the defendant demonstrated her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her as time-barred (see US Bank Trust, N.A. v Horowitz, 238 AD3d 1093, 1095).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, pursuant to CPLR 203, as amended by FAPA, the plaintiff's purported unilateral de-acceleration of the loan failed to revive or reset the statute of limitations (see id. § 203[h]; US Bank N.A. v Levy, 239 AD3d at 790; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946-947). The plaintiffs' contention that FAPA should not apply retroactively is without merit (see US Bank Trust, N.A. v Horowitz, 238 AD3d at 1096; FV-1, Inc. v Palaguachi, 234 AD3d 818, 821; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067). The plaintiff's further contentions that the retroactive application of FAPA violates the Due Process Clauses of the United States or New York Constitutions or the Contracts or Takings Clauses of the United States Constitution are also without merit (see US Bank N.A. v Levy, 239 AD3d at 790; US Bank Trust, N.A. v Horowitz, 238 AD3d at 1096; FV-1, Inc. v Palaguachi, 234 AD3d at 822; Deutsche Bank Natl. Tr. Co. v Dagrin, 233 AD3d at 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1043; see also Van Dyke v U.S. Bank, N.A., 235 AD3d 517, 518, affd ___ NY3d ___, 2025 NY Slip Op 06537).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court